UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

WENDY ANTHONY, Individually and on Behalf of All Other Persons Similarly Situated,
                Plaintiffs,

v.

MERCY INPATIENT MEDICAL ASSOCIATES, INC.,
                Defendant

## COMPLAINT
### Introduction

Plaintiff, Wendy Anthony ("Plaintiff" or "Anthony"), Individually and on Behalf of All Other Persons Similarly Situated, brings this action against Defendant, Mercy Inpatient Medical Associates, Inc. ("Defendant" or "Mercy"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3. Plaintiff is a residents of this district.

4. Defendant regularly conducts business in this district.

5. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

6. Defendant is engaged in interstate commerce.

## Parties

7. Plaintiff, Wendy Anthony, is an individual with a residence in Southampton, Massachusetts.

8. Plaintiff has consented to being a plaintiff in this action. *See* **Exhibit A** attached hereto.

9. Mercy is a Massachusetts corporation with a principal office at 271 Carew Street, Springfield, Massachusetts.

## COUNT I
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

10. Defendant has since at least April 9, 2009, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiff, ("Plaintiff"), and other current and former Physician's Assistants and Nurse Practitioners employed by Defendant, one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

11. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other current and former Physicians Assistants and Nurse Practitioners employed by Defendant between April 9, 2009 and the date of final disposition of this action (the "FLSA Class Period").

12. During the FLSA Class Period, Plaintiff and the FLSA Class Members are all subject to Defendants' common policy and practice of:

a. failing to include their wage augments in determining their regular rate of pay and overtime pay for purposes of paying them FLSA overtime; and/or

b. failing to pay them at a rate that is not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) during each workweek.

## Allegations

13. Defendant is an "employer" as defined 29 U.S.C. § 203(d).

14. Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

15. During the FLSA Class Period, Defendant was not an exempt employer under the FLSA.

16. During the FLSA Class Period, Plaintiff worked for Defendant as a Physician's Assistant.

17. During the FLSA Class Period, the FLSA Class Members worked for Defendant as Physician Assistants or Nurse Practitioners.

18. During the FLSA Class Period, Plaintiff was not an exempt employee under the FLSA and was paid an hourly wage of between $45.68 and $50.00 per hour.

19. During the FLSA Class Period, the FLSA Class Members were not exempt employees under the FLSA and were paid an hourly wage.

20. During the FLSA Class Period, Plaintiff worked more than forty (40) hours in numerous workweeks.

21. During the FLSA Class Period, the FLSA Class Members worked more than forty (40) hours in at least one workweek.

22. During the FLSA Class Period, Plaintiff was not paid overtime wages at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

23. During the FLSA Class Period, the FLSA Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

24. During the FLSA Class Period, Plaintiff was paid on a bi-weekly basis.

25. During the FLSA Class Period, the FLSA Class Members were typically paid on a bi-weekly basis.

26. During the FLSA Class Period, Plaintiff were paid wage augments including but not limited to the following:

   a. Shift Differentials (a/k/a/ "Shift Bonuses") for working evening, night or weekend shifts.

27. More specifically, Plaintiff received Shift Bonuses in numerous payroll periods during the FLSA Class Period.

28. During the FLSA Class Period, the FLS Class Members were paid wage augments, including Shift Bonuses in numerous payroll periods.

29. During the FLSA Class Period, the Shift Bonuses were not included in the calculation of Plaintiff's regular rate of pay for purposes of calculating overtime under the FLSA.

30. During the FLSA Class Period, the Shift Bonuses were not included in the calculation of FLSA Class Members' regular rate of pay for purposes of calculating overtime under the FLSA.

31. During the FLSA Class Period, when Defendant paid Plaintiff overtime compensation, it only paid them one and one-half times their straight time hourly wage rate.

32. During the FLSA Class Period, when Defendant paid FLSA Class Members' overtime compensation, it only paid them one and one-half times their straight time hourly wage rate.

33. Defendant knew that the foregoing conduct was prohibited by the FLSA and/or showed reckless disregard for the matter of whether the foregoing conduct was prohibited by the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

34. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

35. Defendant employed Plaintiff for workweeks longer than forty (40) hours.

36. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed as required by the FLSA.

37. Plaintiff is entitled to damages.

**Claims for Relief**

Wherefore, Plaintiff respectfully requests that the Court:

A. Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide Plaintiff with lists of all persons employed by it as Physician's Assistants and Nurse Practitioners during the FLSA Class Period, including but not limited to the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Under Count I, enjoin Defendant from continuing to violate the FLSA and order Defendant to pay Plaintiff and FLSA Class Members in compliance with the FLSA.

C. Under Count I, determine the damages sustained by Plaintiff and the FLSA Class Members as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

D. Under Count I, award Plaintiffs and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

E. Under Count I, grant Plaintiffs and the FLSA Class Members such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

Dated:  April 9, 2012				By Her Attorneys,

						**/s/ Jeffrey S. Morneau**
						Jeffrey S. Morneau, Esquire (BBO# 643668)
						Nathan A. Olin, Esquire (BBO# 630580)
						CONNOR, MORNEAU & OLIN, LLP
						73 State Street, Suite 310
						Springfield, Massachusetts 01103
						Tel:     (413) 455-1730
						Fax:    (413) 455-1594
						E-mail: jmorneau@cmolawyers.com
						            nolin@cmolawyers.com