# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (WESTERN DIVISION)

**WENDY ANTHONY, Individually and on Behalf of All Other Persons Similarly Situated,**

**Plaintiffs,**

**v.**

**MERCY INPATIENT MEDICAL ASSOCIATES, INC.,**

**Defendant**

Civil No: 3:12-CV-30072-MAP

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS FOR FLSA CLAIMS

Plaintiff, Wendy Anthony ("Plaintiff" or "Ms. Anthony"), respectfully submits Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Equitable Tolling of Statute of Limitation for FLSA Claims (the "Motion"). Plaintiff requests that the Court toll the statute of limitations in this case brought against Mercy Inpatient Medical Associates, Inc. ("Defendant") from the date the Complaint was filed, April 6, 2012, until the date the Court makes a decision on Plaintiff's Motion for Recognition of a Collective Action Under 29 U.S.C. § 216(b) and for Court Facilitation of Notice (hereinafter "Plaintiff's Motion for Recognition of a Collective Action").[1] The grounds for the instant motion are that the putative Opt-In Plaintiffs will be substantially prejudiced absent tolling because the putative Opt-In Plaintiffs will not receive judicial notice of this action until much later on in this case, while their statutes of limitations continue to run. The instant motion seeks to mitigate the potential prejudice to the putative Opt-In Plaintiffs, by ordering tolling.

---

[1] In the alternative, Plaintiff requests that the Court toll the statute of limitations from today.

# **BACKGROUND**

1. On April 6, 2012, Plaintiff filed a Complaint against Defendant seeking overtime compensation under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a)(1), for both her and all similarly situated Nurse Practitioners and/or Physicians' Assistants.

2. On May 18, 2012, Defendant filed an Answer.

3. On July 10, 2012, the parties appeared for an Initial Scheduling Conference, at which time Defendant and Plaintiff each indicated to the Court that it/she wished to engage in settlement discussions. Accordingly, the Initial Scheduling Conference was re-scheduled for September 18, 2012.

4. On September 18, 2012, the parties appeared for an Initial Scheduling Conference, at which time Defendant and Plaintiff again each indicated to the Court it/she wished to engage in settlement discussions. Accordingly, the Initial Scheduling Conference was again re-scheduled, this time for October 17, 2012.

5. On or about October 4, 2012, following Plaintiff's requests, Defendant provided Plaintiff with payroll records for Nurse Practitioners and/or Physicians' Assistants whom it deemed to be similarly situated to Plaintiff. (Previously, on or about August 22, 2012, Defendant provided Plaintiff with payroll records for Plaintiff herself.) Plaintiff's preliminary review of these records confirmed that Plaintiff and the other Nurse Practitioners and/or Physicians' Assistants have not been properly paid overtime (*see* Plaintiff's Motion for Recognition of a Collective Action), and also appeared to indicate that Defendant may have attempted to change its payroll practices in approximately March of 2011.

6. On October 17, 2012, the parties appeared for an Initial Scheduling Conference, at which time the Court issued a Scheduling Order that, *inter alia*: (a) required the parties to report by

October 26, 2012, as to whether or not they had reached an agreement with regard to tolling; and (b) allowed Plaintiff to file a motion for conditional class certification by January 15, 2013. At the conference, the Court also indicated that Plaintiff would be permitted to file a motion for conditional class certification (a/k/a Plaintiff's Motion for Recognition of a Collective Action) sooner than January 15, 2013, so as to protect the rights of the putative Opt-In Plaintiffs.

7. Immediately following the Initial Scheduling Conference on October 17, 2012, Plaintiff sent Defendant a draft Tolling Agreement. *See* **Exhibit A** hereto. Defendant did not agree to Plaintiff's proposal; nor did it offer any counter-proposal. *See id.*

8. This day, Plaintiff filed her Motion for Recognition of a Collective Action and a memorandum of law with respect thereto.

## ARGUMENT

### A. The FLSA Statute of Limitations.

Under the FLSA, an employee may bring an action on behalf of herself and other employees similarly situated within two years of when the action accrued or, in the case of a willful violation, within three years. *See* 29 U.S.C. §§ 216(b). Unlike traditional class action claims, a collective action claim under the FLSA is not tolled with the filing of the Complaint but is considered to be commenced when a plaintiff files an Opt-In Consent Form. *See* 29 U.S.C. §§ 216(b), 255(a), 256, and 257. Persons wishing to join an FLSA collective action must affirmatively opt-in to the suit by filing an Opt-In Consent Form. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 264 (S.D.N.Y. 1998) (noting that "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"). Thus, every day that passes without an Opt-In Consent Form being filed results in a progressive loss or disappearance of FLSA claims for overtime compensation owed to putative Opt-In Plaintiffs.

B.  **The Standard for Equitable Tolling of FLSA Claims**.

The doctrine of equitable tolling permits a court to exercise its discretion to extend a putative Opt-In Plaintiff's statute of limitations when it would be inequitable to enforce the statute of limitations.  The doctrine of equitable tolling applies to cases brought under the FLSA because the doctrine is "read into every federal statute of limitations."  *Holmberg v. Ambrecht*, 327 U.S. 392 (1946).  The First Circuit has stated that equitable tolling is available in exceptional circumstances to extend the statute of limitations.  *See Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 71 (1st Cir. 2005).  The exceptional circumstances are present here because the putative Opt-in Plaintiffs' claims are continuously diminishing or disappearing altogether as they await notice of their rights to participate in this lawsuit.

Courts routinely grant equitable tolling in the FLSA collective action context in the interest of justice to avoid prejudice to putative Opt-In Plaintiffs that arises from the unique procedural posture of collective actions under the FLSA.  *See, e.g.*, *Partlow v. Jewish Orphan Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant); *Castle v. Wells Fargo Financial, Inc.*, 2007 U.S. Dist. LEXIS 31206, *3-6 (N.D. Cal. Apr. 10, 2007) (equitably tolling statute for FLSA claims as a result of a stay in the litigation); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation, arbitration and settlement of related action); *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, *4-6 (E.D. La. Apr. 20, 2009) (equitably tolling statute of limitations for FLSA claims during the pendency of a stay); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) ("Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal

proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations."); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312, 13 (S.D. W.Va. 1986) (allowing equitable tolling where putative Opt-In Plaintiffs were precluded from timely filing Opt-In Consent Forms due to the Court's five month delay in ruling on certification).  In this case, similar to the cases above, extraordinary circumstance exist to warrant equitable tolling of the FLSA claims of putative Opt-In Plaintiffs.

**C.**  **This Court Should Grant Equitable Tolling to Avoid Injustice to the Putative Opt-In Plaintiffs.**

Depending on a variety of factors including the number of potentially similarly situated employees, some putative Opt-In Plaintiffs may have their  FLSA claims completely bared by the statute of limitations.  Nurse Practitioners and Physicians Assistants, who currently have no knowledge of this lawsuit and their opportunity to file and Opt-In Consent Form, may lose the ability to participate in the case altogether.  If the Court does not toll the statute of limitations, Defendant will gain an improper windfall from the reduction in damages resulting from delay in the litigation process that occurred despite Plaintiff's diligence.  Equitable tolling of the FLSA claims would prevent this injustice to the Opt-In Plaintiffs and unjust enrichment to Defendant. On the contrary, Defendant will not suffer any prejudice by the equitable tolling of putative Opt-In Plaintiffs' claims.

One of the main purposes of the statute of limitations is to ensure fairness to a defendant by notifying it of the claims it must defend before they grow stale.  In this case, the potential addition of Opt-In Plaintiffs would not cause any prejudice to Defendant.  Defendant has full knowledge that Plaintiff brought this action as a collective action under the FLSA and Defendant has identified a group of employees that it believes are similarly situated to her.  Thus, Defendant is fully aware of the scope of potential liability.  Under similar circumstances, other courts have

tolled the statute of limitations for putative Opt-In Plaintiffs. *See Baden-Winterwood v. Life Time Fitness*, 2007 U.S. Dist LEXIS 36894, *15-16 (S.D. Ohio May 1, 2007) (recognizing absence of prejudice to Defendants as grounds for equitable tolling statute of limitation for putative Opt-In Plaintiffs); *Ahern v. State*, 622 N.Y.S.2d 684, 687 (N.Y.Ct.Cl. 1997) ("Given the State's awareness-and litigation-of these FLSA claims in Federal Court, it cannot be said that tolling the limitations period would in any way prejudice the State' ability to defend the instant claims.").

   D. **Equitable Tolling is Necessary to Preserve the Benefits of § 216(b) as Described by the Supreme Court in *Hoffman-LaRoche*.**

As the Supreme Court explained in *Hoffman-LaRoche*, the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). If putative Opt-In Plaintiffs are not informed of their rights in this lawsuit before their statutes of limitations run, the benefits inherent in a collective action, granted to putative Opt-In Plaintiffs by Congress and outlined by the Supreme Court in *Hoffman-LaRoche*, will disappear.

Here, Plaintiff cannot rely on word of mouth or other limited forms of communication to ensure that all putative Opt-In Plaintiffs are informed of this case. Moreover, those putative Opt-In Plaintiffs, who will not have an opportunity to be informed of their potential rights in this lawsuit through an early judicial notice procedure, should not be punished because of the myriad delays that have already occurred in this litigation which is now nearly seven-months old. As such, it is just and equitable for the Court to toll the statute of limitations for all putative Opt-In Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Equitable Tolling of Statute of Limitation for FLSA Claims.

Dated: October 30, 2012              By Her Attorneys,

**/s/ Nathan A. Olin**
Jeffrey S. Morneau, Esquire (BBO# 643668)
Nathan A. Olin, Esquire (BBO# 630580)
CONNOR, MORNEAU & OLIN, LLP
73 State Street, Suite 310
Springfield, Massachusetts 01103
Tel:    (413) 455-1730
Fax:    (413) 455-1594
E-mail: jmorneau@cmolawyers.com
          nolin@cmolawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

**/s/ Nathan A. Olin**
Nathan A. Olin