## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (WESTERN DIVISION)

**WENDY ANTHONY, Individually and on Behalf of All Other Persons Similarly Situated,**
**Plaintiffs,**

**v.**

**MERCY INPATIENT MEDICAL ASSOCIATES, INC.,**
**Defendant**

Civil No:  3:12-CV-30072-MAP

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF AN ORDER TO COMPLY WITH TERMS OF AN ACCEPTED OFFER OF JUDGMENT OR, IN THE ALTERANTIVE, FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. PROC. 60 AND FOR STAY PENDING DISPOSITON OF MOTION

Plaintiff Wendy Anthony ("Plaintiff" or "Anthony"), hereby submits this Opposition to Defendant Mercy Inpatient Medical Associates, Inc. ("Defendant" or "Mercy")'s Motion for Entry of an Order to Comply with Terms of an Accepted Offer of Judgment or, in the Alternative, for Relief from Judgment Under Fed. R. Civ. Proc. 60 and for Stay Pending Disposition of Motion ("Defendant's Motion").   For the reasons which follow, Defendant's Motion has no merit – *Defendant's* requested Judgment has been entered pursuant to Rule 68 and there are no grounds for Relief from Judgment pursuant to Rule 60.   Moreover, Plaintiff is entitled to payment of its attorney's fees for having to respond to Defendant's frivolous request.

## BACKGROUND

On April 6, 2012, Plaintiff filed this wage and hour litigation, individually and on behalf of all other person similarly situated, alleging violations of the Fair Labor Standards Act (the "FLSA") and Massachusetts wage and hour laws.  On October 30, 2102, Plaintiff filed a Motion

1

for Recognition of Collective Action Under FLSA and for Court Facilitation of Notice, which Defendant opposed.

On November 16, 2012, the Court granted Plaintiff's motion for recognition of an FLSA collective action and specifically authorized Plaintiff to send the Notice and Opt-In Forms attached hereto as **Exhibit A**.  Accordingly, on or about November 27, 2012, the Notices and Opt-In Consent Forms were immediately mailed to the approximately seventeen putative opt-in plaintiffs, informing them of this lawsuit and giving them thirty days, or until December 27, 2012, to return their opt-in consent forms to Plaintiff's counsel.

At various times between November 27 and December 27, 2012, Plaintiff's counsel spoke (and/or attempted to speak) with many of the putative opt-in plaintiffs about the Notice and Opt-In Consent Form, this lawsuit and the possibility of joining this lawsuit.  However, only one additional individual, Dennis Pause (now deceased), returned and filed an opt-in consent form to become a member of the preliminary certified class.[1]

On February 18, 2013, Defendant served upon Plaintiff, pursuant to Rule 68, a $140,000 offer of judgment to "members of the preliminary certified class."   On February 26, 2013, Plaintiff's counsel called Defendant's counsel and asked whether the $140,000 would be made payable to Plaintiff and Plaintiff's Counsel and if Plaintiff could apportion the money as she saw fit.  On February 26, 2013, Defendant's Counsel confirmed in an e-mail that "the $140,000 would be made payable to your firm and amounts distributed to Ms. Anthony and members of the preliminarily certified class, the details of apportionment to be left with you folks."  (A copy of the email is attached hereto as **Exhibit B**.)

---

[1] That was not entirely surprising, considering that Plaintiff's preliminary research (done without any formal discovery from Defendant), indicated that Ms. Anthony and Mr. Pause had, by far, the most unpaid overtime hours.

On February 27, 2013, Plaintiff accepted the offer of judgment and then, pursuant to Rule 68, filed the offer and the acceptance with the Court.  On March 5, 2013, the Court entered Judgment in favor of Plaintiff.  On March 18, 2013, Defendant's Counsel filed the within motion.  To date, Defendant has not paid on the judgment.

## ARGUMENT

Defendant's Motion has essentially two parts:  (1) a request to enforce the accepted Rule 68 Offer of Judgment, and (2) a request under Rule 60(b) for relief from judgment.  Both of Defendant's positions are frivolous.

I. **DEENDANT'S MOTION TO ENFORCE THE JUDGMENT IN THE MANNER IT NOW SEEKS IS FRIVOLOUS**.

There is no legitimate reason for Defendant's refusal to pay the judgment or Defendant's position.  In an effort to obfuscate, Defendant attempts to make much of the phrase "members of the preliminarily certified class" in its offer of judgment by now arguing – without any legal, factual, or logical support – that this phrase includes every person who Defendant identified, in accordance with a previous Court order, to receive a court-approved Notice of this lawsuit. Defendant's argument, as will be shown below, is frivolous and nothing more than an after-the-fact attempt to get out from under a valid judgment that has been entered against it.

1. **The Notice Language Indicates that Defendant's Position is Frivolous**.

The frivolousness of Defendant's argument is indicated by the un-objected to and court-approved Notice that the Court ordered Plaintiff to send to each of the putative opt-in plaintiffs. (See Notice attached hereto as **Exhibit A**.)  On October 30, 2102, Plaintiff filed a Motion for Recognition of Collective Action Under FLSA and for Court Facilitation of Notice along with a proposed Notice.  (See Docket Nos. 21-22.)  On November 13, 2013, Defendant filed and Opposition to the Motion, but did not object to the language contained in the proposed Notice.

3

(See Docket No. 27.)   On November 16, 2012, the Court granted the Motion and ordered Plaintiff to send the proposed Notice to putative opt-in plaintiffs, giving such individuals only thirty days to respond.  (See Docket No. 32.)[2]

The court-approved Notice informed the putative opt-in plaintiffs about the effect and consequences of not joining the lawsuit.  Specifically, in paragraph 4, in bold type, the Notice provided as follows:

> "**If your completed Opt-In Consent Form is not postmarked or faxed on or before that date, you will not be allowed to join in this case.**[3]  If you choose not to join this lawsuit, you are free to hire your own lawyer and/or file your own lawsuit.

(Notice ¶ 4.)  In paragraph 7, entitled **EFFECT OF JOINING THIS SUIT**, the Notice provided:  "*If you do not join* in this lawsuit, *you will not be entitled to any* settlement that may be reached or *judgment that may be awarded*."  (*Id.* ¶ 7 (emphasis added).)  In paragraph 8, entitled **NO LEGAL EFFECT IN NOT JOINING THIS SUIT**, the Notice provided:

> *If you choose not to join this lawsuit*, you will not be entitled to share in any of the overtime compensation recovered in this case, should there be a recovery.  *You will not be affected by any judgment* or settlement *rendered in this case, whether favorable or unfavorable*.

(*Id.* ¶ 8 (emphasis added).)  In short, the Notice specifically informed each and every putative plaintiff that, if they did not opt-in, they will not be entitled to any judgment reached nor affected by any judgment rendered in this case.

---

[2] It should be noted that the Court Order indicates that the notice was to go to "putative opt-in plaintiffs" for purposes of notifying the "potential class".  This language confirms that a putative opt-in plaintiff is not a class member under he/she files an opt-in consent form.  This is in accordance with well-established FLSA case law.  See 29 U.S.C. 216(b) ("[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[3] This Court has not allowed putative opt-in plaintiffs who attempted to opt-in late to become class members in other FLSA collective action cases.  *See, e.g., Brooks v. Halsted Communications, LTD*, Docket No. 07-30164-MAP (Order dated October 10, 2008) (denying Plaintiff's Motion for Leave to File Late Opt-In Notices).

Despite the foregoing clear and conspicuous court-approved language, Defendant apparently wants to the Court and Plaintiff's counsel to now disregard the language of the Notice by forcing other individuals to be a part of this case, and somehow split the judgment award, even though they have specifically chosen not to opt in.  Moreover, Defendant wants to require Plaintiff's counsel to perform ex post facto calculations on their behalf, and distribute money to them in some unidentified "equitable way."   There is simply no justification for Defendant's requests.

2.  **Defendant's Counsel's Actions Indicate that Defendant's Position is Frivolous**.

Even if Defendant had any legitimate reason to believe that the offer applied to all putative opt-in plaintiffs, and that Plaintiff, Plaintiff's counsel, or the Court could legitimately act in a way contrary to the terms of the court-approved Notice, Defendant's offer, even according to Defendant's own interpretation, does not require that the money be given to each of the putative opt-in plaintiffs or that the proceeds be divided equitably.  See generally, **Offer of Judgment**. The offer of judgment does not restrict in any way the allocation of the money or require that the money be allocated in any particular way.  *Id.*

Indeed, on February 26, 2013, prior to accepting the offer of judgment, Plaintiff's Counsel contacted Defendant's Counsel and asked whether the $140,000 would be made payable to Plaintiff and Plaintiff's Counsel and whether Plaintiff could apportion the money as Plaintiff saw fit.  Defendant's Counsel agreed. (See **Exhibit B**, e-mail attached hereto.)  Even if it were possible to conclude that the offer of judgment applied to putative opt-in plaintiffs who did not file an opt-in consent form, the discretion to apportion the money was left exclusively with Plaintiff and Plaintiff's Counsel. (See Offer of Judgment and e-mail attached hereto.)  If Defendant had simply complied with the

terms of the offer of judgment – even as interpreted by Defendant – and done what Defendant's Counsel said it would do – make a check payable to Plaintiff's Counsel's firm and allow Plaintiff, in consultation with Plaintiff's Counsel, to apportion the money, this case would be over.  Plaintiff and Plaintiff's Counsel, for reasons detailed in this Memorandum, had already decided to distribute $0.00 to each of the members of the putative opt-in class who did not file an opt-in consent form.

Instead, in an effort to undo what has already been done and needlessly extend this litigation, Defendant, without any legal or factual support, argues that the offer of judgment requires that Plaintiff and/or Plaintiff's Counsel do the following: (1) thoroughly review and analyze "extensive and detailed payroll documentation" reflecting "salaries and earnings along with the specific hours which [putative opt-in plaintiffs] worked broken down weekly starting in April 2009 . . ." and "additional pay-related information"; (2) perform unspecified mathematical calculations for each putative opt-in plaintiff (without having conducted any formal discovery on their behalf); (3) decide how to equitably distribute money; and (4) send money to the putative opt-in plaintiffs who made a conscious decision to not have Plaintiff or Plaintiff's Counsel represent them.  See Defendant's Memorandum, page 4.  Defendant's position is beyond frivolous.

**3.  The Drafting of the Offer of Judgment and Language in the Offer of Judgment Indicates that Defendant's Position is Frivolous.**

Defendant and Defendant's Counsel were both involved in drafting the offer of judgment and apparently took special care and precaution to draft it.  (See Affidavit of Layla Taylor.) However, if Defendant and/or Defendant's Counsel intended the offer or judgment to apply to all putative opt-in class members (even if that were legally possible), they very easily could have used language that would have at least suggested such an interpretation.  For example, Defendant

could have (1) named each of the individuals in the offer of judgment, (2) used the phrase "putative opt-in plaintiffs," (3) used the phrase "Massachusetts class members," (4) used the phrase "members of the preliminarily certified class, regardless of whether they filed an opt-in consent form."; (5) used the phrase "all people identified by Defendant as similarly situated as a result of Plaintiff's Motion for Recognition of Collective Action Under FLSA and for Court Facilitation of Notice"; or (6) used the phrase "all persons who are or have been employed as Nurse Practitioners and/or Physicians Assistants since April 6, 2009."  Defendant's consideration and ultimate rejection of such clear and unambiguous language to the contrary suggests the complete opposite of Defendant's current position.

Moreover, to the extent that Defendant's "intent" with regard to the offer of judgment is relevant, which it is not, the specific language in the offer of judgment indicates that Defendant's position is frivolous.  In the last paragraph of the offer of judgment, Defendant specifically states, in pertinent part, as follows: "[t]his offer of judgment is intended to resolve all of Plaintiffs' claims on behalf of herself and the <u>class members</u> in this action . . ." (emphasis added).  <u>See</u> **Offer of Judgment**.  In order to become a FLSA "class member" or a "party plaintiff" in an FLSA case, an individual must file an opt-in consent form in a timely manner. <u>See</u> 29 U.S.C. 216(b) ("[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  It is undisputed that there are only two people who filed opt-in consent forms in this action and are therefore FLSA "class members" – Wendy Anthony and Dennis Pause.  In sum, there are no facts or law to support Defendant's position that the judgment is void or that justifies relief from judgment.

## II.     **PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES.**

As a last-ditch effort, it appears that Defendant seeks to invoke Rule 60(b) to undo the very judgment that it sought pursuant to Rule 68.  No applicable case law for such a drastic remedy exists, particularly in light of the undisputed facts and argument outlined above.  To be sure, Professors Wright, Miller and Kane have suggested that, in the context of a Rule 68 offer of judgment, Rule 60(b) relief "has been granted in extraordinary circumstances."  Charles Alan Wright, Arthur R. Liller & Mary Kay Kane, 12 *Fed. Prac. & Proc. Civ.* § 3005.2 (2d ed.).  But the only example mentioned is where a "temporary secretary" mistakenly typed that the offer be for $500,000 instead of $500.  *Id*.  Those facts certainly do not exist here.  Rather:

> [R]elief under Rule 60(b) is not readily justified, particularly with judgments based on Rule 68.  Rule 68 enables a defendant to place a plaintiff in a position of having to accept a specific proposal within a brief period or risk an adverse consequence unless it does better at trial.  At least plaintiff should be assured that its acceptance will lead to judgment; in all but the most extraordinary circumstances mistakes should not affect this result.  Thus, in another case the Sixth Circuit reversed a district court order vacating a Rule 68 judgment. …  Noting that defendants had not claimed either mistake or fraud, the appellate court emphasized that "a court has very limited authority to alter the terms of any consent judgment," and reversed.  Defendants had presented no extraordinary circumstances warranting relief.

*Id*. (citing, *inter alia*, *Fafel v. DiPaola*, 399 F.3d 403 (1st Cir. 2005); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006); *Mallory v. Eyrich*, 922 F.3d 1273 (6th Cir. 1991)) (footnotes omitted).

Perhaps even more importantly, however, Defendant, by invoking Rule 60(b) in the circumstances present here, has opened itself to sanctions.  *See, e.g., Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012).  Accordingly, Plaintiff hereby seeks payment of its attorney's fees for having to respond to Defendant's frivolous motion.

Dated:  April 2, 2013                              By Her Attorneys,

                                        /s/ Jeffrey S. Morneau_____
                                        Jeffrey S. Morneau, Esquire (BBO# 643668)
                                        Nathan A. Olin, Esquire (BBO# 630580)
                                        CONNOR, MORNEAU & OLIN, LLP
                                        73 State Street, Suite 310
                                        Springfield, Massachusetts 01103
                                        Tel:     (413) 455-1730
                                        Fax:     (413) 455-1594
                                        E-mail: jmorneau@cmolawyers.com
                                                    nolin@cmolawyers.com

**CERTIFICATE OF SERVICE**

        I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

                                        /s/ Jeffrey S. Morneau_____
                                        Jeffrey S. Morneau