```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


WENDY ANTHONY, Individually and )
on Behalf of all Other Persons  )
Similarly Situated,             )
        Plaintiff               )
                                )
              v.                 )    C.A. No. 12-cv-30072-MAP
                                )
MERCY INPATIENT MEDICAL         )
ASSOCIATES, INC.,               )
        Defendant               )
```

## MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO ENFORCE JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT
(Dkt. No. 38)

July 1, 2013

PONSOR, U.S.D.J.

This is an action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Massachusetts wage and hour laws.

On October 30, 2012, Plaintiff filed a motion for Recognition of Collective Action and for Court Facilitation of Notice (Dkt. No. 21). On November 16, 2012, this motion was allowed by Magistrate Judge Kenneth P. Neiman (Dkt. No. 32).

On February 15, 2013, Defendant made an offer pursuant to Fed. R. Civ. P. 68 to settle the case for $140,000. This offer was accepted on or about February 27, 2013. (See Dkt.

No. 35 and attachments.)  Based on the notification of Plaintiff's acceptance of the offer of judgment, this court ordered entry of judgment for Plaintiff in the amount of $140,000, and the case was terminated on March 5, 2013.

On March 18, 2013, the motion now before the court to enforce the judgment or, in the alternative, for relief from judgment was filed.  The gist of the motion is that Defendant apparently assumed that all putative class members would opt into this FLSA class action, or had opted in at the time the offer of judgment was made.  In fact, only one putative class member opted in.  Defendant now contends that Plaintiff's counsel has the obligation to attempt to distribute the proceeds of the $140,000 settlement to any putatively qualified potential class member, regardless of whether the class member opted in.  This is clearly impossible.  As Plaintiff's counsel points out, and as Defendant's counsel agrees, the notice to putative class members was clear and, indeed, a number of potential class members contacted and discussed the possibility of opting into this class action with Plaintiff's counsel, ultimately deciding to exercise their choice not to opt in.  To attempt to contact these individuals now in an effort to distribute the proceeds of the settlement would be improper, unprofessional, and impractical.

Alternatively, Defendant's counsel argues that there was no meeting of the minds at the time the settlement offer was made, because Defendant assumed that the proceeds would be distributed to all <u>potential</u> class members, not simply those who opted in. While the court does not question the sincerity of Defendant's counsel's representations regarding his assumptions at the time the offer was made, these assumptions simply do not stand up against the well-established requirements of an FLSA class action. Defense counsel had to have known, if he adequately considered the issue, that it was likely that at least some of the putative class members would choose not to opt into this class litigation. That fact cannot capsize the effectuation of the Rule 68 offer. Fed. R. Civ. P. 68 places serious demands on Plaintiff's counsel: a response within fourteen days, and potential serious consequence if the offer is declined. Plaintiff's counsel accepted the offer, and Defendant is now obligated to carry through.

With this in mind Defendant's Motion to Enforce Judgment or for Relief from Judgment (Dkt. No. 38) is hereby DENIED. Defendant is ordered to tender the $140,000 settlement check to Plaintiff's counsel within fourteen days of this memorandum. Failing this, Plaintiff may file a motion for attorney's fees and interest.

It is So Ordered.

                                            <u>/s/ Michael A. Ponsor</u>
                                            MICHAEL A. PONSOR
                                            U. S. District Judge